ON SUGGESTION OF ERROR
RODGERS, Justice:
Appellee complains of that part of our opinion stating that the validation proceeding is the proper place to raise any objection to the issuance of sale of bonds. They contend that this provision of the second paragraph of Mississippi Code Annotated section 1195 (Supp.1964) has no application to the original $250,000.00 bond issue because there would never be validation proceedings for that bond issue, due to the fact that the Board of Supervisors had rescinded the order for that issue of bonds; that therefore, the order determining that the petition of appellants, seeking an election on the issue, did not contain the genuine signatures of twenty per cent of the qualified voters of the county, was a final order, and the only remedy appellants had was to appeal to the circuit court.
Appellee’s argument would be valid if the $250,000.00 bond issue was all that was concerned. The injunction was sought to enjoin further proceeding concerning the $251,000.00 of bonds.
Apparently what appellee desires is a holding that when the proceedings are filed to validate the $251,000.00 issue, the appellants will be precluded from raising any question concerning the Board’s determination on July 6, 1965, that the petition seeking an election on the $250,000.00 issue did not contain the genuine signatures of twenty per cent of the qualified electors; the basis of their argument being that the order rescinding the $250,000.00 issue finally terminated that matter so that appellant’s only remedy was to appeal under Mississippi Code Annotated section 1195 (Supp.1964). But we are unable to accede to this argument because, if and when the proceeding is filed to validate the $251,000.-00 issue, appellants may raise any objection to any matter relating to the issuance and sale of said bonds, and the validation decree forecloses all objections to the issuance and sale of the bonds. Now if appellants can prove, as they argue in their brief, but did not prove in .the injunction suit, that the purpose of the Board of Supervisors in rescinding the order for the issuance of the $250,000.00 bonds was because appellant’s petition for election did in fact contain more than twenty per cent of the qualified electors, and the order to rescind the $250,000.00 issue and the adoption of another order for the issuance of $251,-000.00, was to harass appellants, then such fact could become important in the validation proceedings. In their brief appellants contend the purpose was to harass them by making it necessary to again get the signatures of twenty per cent of the voters. We are not holding, or even suggesting, that the $251,000.00 issue was, or will be, invalid because of the several orders entered by the Board on July 6, 1965. We are saying that appellants are entitled, under the law, to raise in the validation proceedings any valid objection to any matter relating to the issuance of the bonds.
Suggestion of error overruled.
ETHRIDGE, C. J., GILLESPIE, P. J., and JONES and ROBERTSON, JJ., concur.